IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VICTOR A. VERTUCCI and MARY K. VERTUCCI, | § § § § | |
| Plaintiffs, | § § | Civil Action No. A: 09-CA-908-LY |
| v. | § § | |
| PHL VARIABLE LIFE INSURANCE COMPANY | § § § | |
| Defendants. | § § | |

**DEFENDANT PHL VARIABLE LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT**

Defendant, PHL Variable Life Insurance Company ("Phoenix"), files this Motion to Dismiss Plaintiffs' Original Complaint for failure to properly plead fraud pursuant to Federal Rule of Civil Procedure 9(b) and for failure to state a claim pursuant to Rule 12(b)(6) and shows the Court as follows:

**I. INTRODUCTION**

Plaintiffs' Original Complaint is totally devoid of any facts sufficient to state a claim against Phoenix. Instead, Plaintiffs rely on broad, conclusory allegations designed to lump Phoenix in with the alleged wrongdoing of Plaintiffs' personal financial advisors. Dissatisfied with the results of their own financial decisions, Plaintiffs seek to hold Phoenix responsible, despite the fact that they can allege no <u>facts</u> to support their bald claims.

Specifically, Plaintiffs assert causes of action for fraud, respondeat superior, negligence, negligent misrepresentation, and violations of the Texas Insurance Code. However, Plaintiffs have not met the heightened pleading requirements for pleading fraud under Federal Rule of Civil Procedure 9(b). Further, Plaintiffs have not provided a factual basis that would give this

Court any indication that Plaintiffs have a plausible claim for relief against Phoenix under Rule 12(b)(6).  For these reasons, Plaintiffs' claims should be dismissed.

## II. ARGUMENTS & AUTHORITIES

A. Plaintiffs Fail to Plead Fraud With Particularity.

### 1. Rule 9(b) Standard.

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  FED.R.CIV.P. 9(b). The Fifth Circuit interprets Rule 9(b) strictly, requiring that a plaintiff pleading fraud specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.  *Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 339 (5th Cir. 2008).  In other words, Rule 9(b) requires that the complaint set forth the "who, what, when, where and how" of the events at issue. *Id*.  Conclusory allegations of fraud are not sufficient to survive dismissal for failure to state a claim.  *Keith v. Stoelting, Inc*., 915 F.2d 996, 1000 (5th Cir. 1990).

### 2. Plaintiffs' Original Complaint Fails to Comply with Rule 9(b).

Plaintiffs' Original Complaint fails to meet the "who, what, when, where and how" standard of Rule 9(b).  Regarding the "who" requirement, Plaintiffs fail to identify a single fraudulent statement that was actually made by Phoenix or the statements of an individual who allegedly committed fraud on behalf of Phoenix.  Rather, Plaintiffs generally assert that financial advisors, Brian Smith ("Smith") and Javier Lerrea ("Lerrea"), as alleged agents of Phoenix, committed the undescribed acts of fraud.  Assuming *arguendo* that Smith and Lerrea were Phoenix's agents, Plaintiffs do not specifically identify the speaker for each alleged false

representation or how Smith and Lerrea were acting on behalf of Phoenix.  Further, Plaintiffs do not specify "how" Phoenix perpetrated the fraud, concealed certain facts, or induced any act of reliance by Plaintiffs.  Instead, Plaintiffs vaguely allege that Phoenix knowingly or recklessly made false representations of material fact and that Plaintiffs relied on those representations. Pl.s' Compl. at p. 5, ¶¶ 27-29.  As such, Plaintiffs' bare assertion that Phoenix's conduct was fraudulent is not enough to survive a Rule 9(b) challenge.  *See Keith*, 915 F.2d at 1000.  Because Plaintiffs have failed to comply with the requirements of Federal Rule of Civil Procedure 9(b), the Court should dismiss Plaintiffs' fraud claims.

B. Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted.

**1. Rule 12(b)(6) Standard.**

In addition to their fraud claims, Plaintiffs have also insufficiently pled the remainder of their causes of action.  The United States Supreme Court has set forth a two-step process to determine whether a complaint has been sufficiently pled to survive a motion to dismiss.  *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Under *Iqbal*, in determining the sufficiency of pleadings, one should first identify and disregard all conclusory allegations in the complaint, as they are not entitled to the presumption of truth.  *Iqbal,* 129 S. Ct. at 1950.  Once this is accomplished, the next step is to determine whether the nonconclusory factual allegations give rise to a plausible claim for relief.  *Id*.  The basis for the second step of this process is discussed in greater detail in the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*.  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  In *Twombly*, the Court clarified that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his

>entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id*. at 545 (internal quotations omitted). The Court in *Twombly* ruled, "[f]actual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* Therefore, for a complaint to survive a motion to dismiss, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. As a result, even nonconclusory factual allegations will not survive a motion to dismiss if they merely describe conduct by the defendant that is equally as compatible with lawful activity as with unlawful activity. *Id*. at 567.

### 2. Plaintiffs' Original Complaint Fails to Meet the Sufficiency of Pleading Standards Established by *Iqbal* and *Twombly*.

Plaintiffs attempt to bootstrap the actions of Smith and Lerrea to Phoenix with nothing more than a general reference to agency, which they appear to limit to their negligence and negligent misrepresentation claims. Further, Plaintiffs provide only a formulaic recitation of the elements of the remaining causes of action without any additional factual support for asserting such claims against Phoenix. The Supreme Court has specifically stated that such pleadings will not survive a 12(b)(6) challenge. *See Twombly*, 550 U.S. at 545. When all of Plaintiffs' conclusory allegations are stripped away, there are no facts to indicate any wrongdoing by Phoenix for any one of the causes of action alleged. Rather, as demonstrated below, Plaintiffs describe conduct that is equally compatible with lawful activity as with unlawful activity. *See Twombly*, 550 U.S. at 567. Thus, all of Plaintiffs' causes of action must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      a.   <u>Plaintiffs' Original Complaint fails to state a claim for vicarious liability.</u>

Plaintiffs' respondeat superior claim seems to allege that Phoenix is vicariously liable for the negligent acts and/or negligent misrepresentations of Smith and Lerrea. Generally in Texas, the doctrine of vicarious liability, or respondeat superior, makes a principal liable for the conduct of his employee or agent. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007). This liability is based on the principal's control or right to control the agent's actions undertaken to further the principal's objectives. *Id.* The court considers several factors in determining the extent of the right of control: (1) the independent nature of the person's business; (2) the person's obligation to furnish necessary tools, supplies, and material to perform the job; (3) the right to control progress of the work, except as to final results; (4) the time for which the person is employed; and (5) the method of payment, whether by time or by the job. *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 584-85 (Tex. 2005); *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002). To trigger vicarious liability, the right to control must extend to the specific activity from which the injury arose. *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 736 (Tex. 1998).

As a threshold matter, Plaintiffs' allegations are inextricably tied to the purely conclusory notion that financial planners, Smith and Lerrea, are the "agents" of Phoenix. Pl.s' Compl. at p. 3, ¶ 10; p. 4, ¶¶ 17-22. However, Plaintiffs assert no facts to demonstrate that Phoenix exercised any control over Smith and Lerrea, that the two were actually agents of Phoenix, or had the general authority to act on behalf of Phoenix. The mere fact that a Phoenix product was sold in the context of financial planning advice given by Smith and Lerrea is not, in and of itself, a fact that supports an agency cause of action against Phoenix. Without any nonconclusory facts to

allege agency, all of Plaintiffs' causes of action against Phoenix inherently fail as Smith and Lerrea are individual actors and are not defendants in this lawsuit. The lack of facts supporting agency aside, Plaintiffs merely recite the elements of vicarious liability/respondeat superior. Without more, agency has not been properly pled and the claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      b. <u>Plaintiffs' Original Complaint fails to state a claim for negligence.</u>

To properly plead a negligence claim, Plaintiffs must allege facts supporting the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Plaintiffs broadly claim that Phoenix owed them a duty to review the transaction at issue for suitability but pled no facts relating to why the product was not suitable and how Phoenix breached its alleged duty. Pl.s' Compl. at p. 3-4 ¶¶ 12-16. Moreover, Plaintiffs blend their negligence allegations with a cause of action for negligent misrepresentation. *Id*. As detailed below, that claim is also pled with insufficient facts.

      c. <u>Plaintiffs' Original Complaint fails to state a claim for negligent misrepresentation.</u>

To properly plead a cause of action for negligent misrepresentation the plaintiff must allege facts showing: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n. 24 (Tex. 2002).

As with Plaintiffs' claim for fraud, Plaintiffs allege that Phoenix made false or misleading representations concerning the suitability of the Phoenix product, but pleads no facts indicating the substance of any representation whatsoever. Pl.s' Compl. at pp. 3-4 ¶¶ 12-16. Additionally, there are no facts to suggest that false information was supplied to Plaintiffs for guidance in their business. Instead, the Complaint merely denotes that Plaintiffs sought financial advice from Smith and Lerrea. Pl.s' Compl. at p. 2, ¶ 6. Further, the Complaint does not reference any actual information that was obtained or communicated to Plaintiffs by Phoenix. Consequently, Plaintiffs have failed to state a claim for relief for negligent misrepresentation and the claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

d. <u>Plaintiffs' Original Complaint fails to state a claim for violation of the Texas Insurance Code.</u>

Finally, Plaintiffs' contention that Phoenix violated the Texas Insurance Code mirrors its claims for fraud and negligent misrepresentation. As a basis for this allegation, Plaintiffs claim that Phoenix "misrepresented" an insurance policy in violation of Section 541.061 of the Texas Insurance Code. Pl.s' Compl. at pp. 4-5 ¶¶ 23-26. Further, the supposed misrepresentation is also an unfair and deceptive act in violation of the same code. *Id*. Yet, Plaintiffs' Complaint fails to plead an agency relationship, a single fact that Phoenix directly misrepresented anything, and points to no policy provision that was allegedly misrepresented. Plaintiffs do not plead facts relating to any untrue statements of material fact, when the statements were made and who made such statements. The problem Plaintiffs have with each assumed violation is that none of the Plaintiffs' allegations as to Phoenix actually state a violation of the Texas Insurance Code. Instead, the allegations are nothing more than legal conclusions couched as factual allegations, which the court need not consider in determining a motion to dismiss. *See Papasan v. Allain*,

478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *see also Twombly*, 550 U.S. at 555. Accordingly, Plaintiffs' claim for violations of the Texas Insurance Code fails to state a claim for which relief can be granted and should be dismissed.

### III. CONCLUSION

Plaintiffs' Original Complaint provides conclusory and implausible claims to relief against Phoenix. For this reasons, Defendant PHL Variable Life Insurance Company prays that this Court dismiss Plaintiffs' Original Complaint and requests all other relief to which it may be justly entitled. For the Court's convenience, an order granting this motion is attached hereto.

Dated: April 5, 2010.

        Respectfully submitted,

        EDISON, MCDOWELL & HETHERINGTON, LLP

        By: */s/ Thomas F. A. Hetherington*
         Thomas F. A. Hetherington
         State Bar No. 24007359
         Courtney L. Scantlin
         State Bar No. 24037437

        3200 Southwest Freeway, Suite 2920
        Houston, Texas 77027
        Telephone: (713) 337-5580
        Facsimile: (713) 337-8840
        tom.hetherington@emhllp.com
        courtney.scantlin@emhllp.com

        ATTORNEYS FOR DEFENDANT PHL
        VARIABLE LIFE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 5th day of April, 2010, I filed the foregoing DEFENDANT PHL VARIABLE LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT through the Western District ECF system. I understand the ECF system will send electronic notice to the following counsel of record:


THE FIELD LAW FIRM
Scott King Field
9442 Capital of Texas Hwy North
Arboretum Plaza One, Suite 500
Austin, Texas 78759
T: (512) 343-3663
F: (866) 271-4431

EVANS EDWARDS, LLP
Chip Evans
Jeffrey Edwards
4407 Bee Caves Road, Suite 611
Austin, Texas 78746
T: (512) 732-2727
F: (512) 732-2731

ATTORNEYS FOR PLAINTIFFS


              /s/ *Thomas F.A. Hetherington*
              Thomas F.A. Hetherington