IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VICTOR A. VERTUCCI and MARY K. VERTUCCI, | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No.  A:09-CA-908-LY |
| v. | § § | |
| PHL VARIABLE LIFE INSURANCE COMPANY, | § § § | |
| Defendants. | § § | |

**DEFENDANT PHL VARIABLE LIFE INSURANCE COMPANY'S MOTION TO
PARTIALLY DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, PHL Variable Life Insurance Company ("Phoenix"), files this Motion to Partially Dismiss Plaintiffs' Second Amended Complaint [Dkt. No. 23] for failure to state a claim pursuant to Rule 12(b)(6) and for failure to properly plead fraud pursuant to Federal Rule of Civil Procedure 9(b), and would show the Court as follows:

## I.   INTRODUCTION

Plaintiffs have amended their complaint twice now, and have asserted numerous claims against Phoenix in connection with their purchase of a life insurance policy.  Specifically, Plaintiffs assert causes of action for (1) negligence and negligent misrepresentation; (2) common law fraud, fraudulent nondisclosure, and statutory fraud; (3) breach of fiduciary duty; (4) two alternate theories of aiding and abetting; and (5) violations of the Texas Insurance Code (TIC) and Deceptive Trade Practices Act (DTPA).  (*See* SAC at 4–9).  Yet the Second Amended Complaint remains flawed in several ways.

First, Plaintiffs have not provided a factual basis that would give this Court any indication that Plaintiffs' claims for failure to timely pay a claim under the Texas Insurance Code

and fraud in a stock transaction Texas Business & Commerce Code are plausible on their face under Rule 12(b)(6). Second, Plaintiffs cannot establish their claim for breach of fiduciary duty because Texas law rejects the suggestion that a fiduciary relationship exists between an insurance carrier and its insured and Plaintiffs do not allege any independent factual basis to impose such a duty. Third, the Second Amended Complaint does not plead fraud with sufficient particularity to state any claim for fraud or fraudulent nondisclosure against Phoenix. Instead, Plaintiffs rely on broad, conclusory allegations in an attempt to tie a Phoenix employee, Robert Rooney, to the alleged tortious acts of Plaintiffs' financial planners. However, despite having two chances to amend their Complaint, Plaintiffs still have not met the heightened requirements for pleading fraud under Federal Rule of Civil Procedure 9(b).

In short, Plaintiffs are dissatisfied with the results of their own financial decisions and seek to hold Phoenix responsible even though they can allege no facts to support their claims. Accordingly, Plaintiffs' claims for failure to timely pay a claim under the Texas Insurance Code, statutory fraud in a stock transaction under the Texas Business & Commerce Code, breach of fiduciary duty, common law fraud and fraudulent nondisclosure should each be dismissed.

## II.  ARGUMENTS & AUTHORITIES

### A.  Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted.

Plaintiffs have failed to properly plead their claims for failure to timely pay a claim under Section 542.060 of the Texas Insurance Code, fraud in a stock transaction under Section 27.01 of the Texas Business & Commerce Code, and breach of fiduciary duty.

#### 1.  Rule 12(b)(6) Standard.

The United States Supreme Court has set forth a two-step process to determine whether a complaint has been sufficiently pled to survive a motion to dismiss. *See Ashcroft v. Iqbal*, ---U.S. ----, 129 S. Ct. 1937 (2009). Under *Iqbal*, in determining the sufficiency of pleadings, one should first identify and disregard all conclusory allegations in the complaint, as they are not entitled to the presumption of truth. *Id.* at 1950. Once this is accomplished, the next step is to determine whether the nonconclusory factual allegations give rise to a plausible claim for relief. *Id.* The basis for the second step of this process is discussed in greater detail in the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In *Twombly*, the Court clarified that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id.* at 545 (internal quotations omitted). The Court in *Twombly* ruled that "[f]actual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* Therefore, for a complaint to survive a motion to dismiss, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. As a result, even nonconclusory factual allegations will not survive a motion to dismiss if they merely describe conduct by the defendant that is equally as compatible with lawful activity as with unlawful activity. *Id.* at 567.

## 2. Plaintiffs' Second Amended Complaint Fails to Meet the Sufficiency of Pleading Standards Established by *Iqbal* and *Twombly*.

Plaintiffs' Second Amended Complaint adds claims under the Texas Insurance Code for failure to timely pay a claim, under the Texas Business & Commerce Code for fraud in a stock

transaction, and for breach of fiduciary duty.  However, Plaintiffs provide only a formulaic recitation of the elements of those claims without any additional factual support for asserting such claims against Phoenix.  (*See* SAC ¶¶ 27, 39).  The Supreme Court has specifically stated that such pleadings will not survive a 12(b)(6) challenge.  *See Twombly*, 550 U.S. at 545.  When all of Plaintiffs' conclusory allegations are stripped away, there are no facts to indicate any wrongdoing by Phoenix for either of those causes of action.  Rather, as demonstrated below, Plaintiffs describe conduct that is equally compatible with lawful activity as with unlawful activity.  *See Twombly*, 550 U.S. at 567.  Thus, Plaintiffs' claims for failure to timely pay a claim, fraud in a stock transaction, and breach of fiduciary duty must be dismissed pursuant to Rule 12(b)(6).

> a.  Plaintiffs' Second Amended Complaint fails to state a claim for failure to timely pay an insurance claim under the Texas Insurance Code.

Plaintiffs now allege that Phoenix violated Section 542.060 of the Texas Insurance Code by failing to timely pay a claim.  (*See* SAC ¶ 27).  Section 542.060 provides that "[i]f an insurer that is *liable for a claim* under an insurance policy is not in compliance with this subchapter," it is liable for eighteen percent interest and attorneys' fees.  TEX. INS. CODE ANN. § 542.060 (Vernon 2008) (emphasis added).  Yet Plaintiffs fail identify any "claim" for which Phoenix is liable.  Instead they merely assert a statutory right to attorneys' fees and interest.  (*See* SAC ¶ 27).  In reality, there absolutely cannot be a "claim" for which Phoenix is liable because: (1) the policy at issue is a life insurance policy, payable on the death of the insured; and (2) neither of the Plaintiffs have died.  Consequently, there is no possible claim for which Phoenix may be liable at this time.

Accordingly, Plaintiffs' claim for violations of Section 542.060 of the Texas Insurance Code fails to state a claim for which relief can be granted and must be dismissed.

> **b.** <u>Plaintiffs' Second Amended Complaint fails to state a claim for statutory fraud in a stock transaction.</u>

Plaintiffs allege that Phoenix is liable under Section 27.01 of the Texas Business & Commerce Code for fraud in a stock transaction.  (*See* SAC ¶ 39).  Plaintiffs assert that because the life insurance policy at issue was partially invested in equities, it should qualify as a "stock" or a security under Section 27.01.  (*See id*.).  Yet Plaintiffs arguments are contrary to Texas law. The Texas Securities Act, when defining the term "security," explicitly exempts insurance policies by providing that "this definition shall not apply to any insurance policy . . . or any contract or agreement in relation to and in consequence of any such policy or contract, issued by an insurance company."  TEX. CIV. STAT. ANN. art. 581-4(A) (Vernon 2008).  By definition, the sale of a life insurance policy is not a security, and therefore cannot be a "stock" that would be subject to Section 27.01.  Consequently, Plaintiffs' claim under Section 27.01 of the Texas Business & Commerce Code fails under Rule 12(b)(6) and must be dismissed.

Even assuming *arguendo* that the acquisition of the insurance policy in question could be deemed to be a stock transaction subject to Section 27.01, which it cannot, Plaintiffs have provided nothing more than conclusory statements that merely outline the statutory elements of the Section 27.01 claim.  As discussed more fully below, Plaintiffs have not identified, and cannot identify, exactly what statements or representations Phoenix made to them that allegedly were fraudulent.  Accordingly, Plaintiffs' claim for violation of Section 27.01 of the Texas Business & Commerce Code is not plausible and fails to state a claim for which relief can be granted.

c. Plaintiffs' Second Amended Complaint fails to state a claim for breach of fiduciary duty.

Plaintiffs' claim for breach of fiduciary duty has no basis in Texas law and must be dismissed. "Where the underlying facts are undisputed, determination of the existence, and breach, of fiduciary duties are questions of law, exclusively within the province of the court." *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005) (internal quotations omitted). Texas courts recognize a fiduciary relationship in two situations: (1) when such a relationship arises as a matter of law (*e.g.*, attorney-client); and (2) when there exists a special relationship of confidence justifying the increased duties. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 593–94 (Tex. 1992), *superseded by statute on other grounds as stated in Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 225–26 (Tex. 2002).

However, in Texas, there is no general fiduciary duty between an insurer and its insured. *See, e.g.*, *E.R. Dupuis Concrete Co. v. Penn Mut. Life Ins. Co.*, 137 S.W.3d 311, 318 (Tex. App.—Beaumont 2004, no pet.); *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 301 (Tex. App.—El Paso 1996, no pet.); *Caserotti v. State Farm Ins. Co.*, 791 S.W.2d 561, 565 (Tex. App.—Dallas 1990); *Rice v. Metro. Life Ins. Co.*, No. 2-09-248-CV, 2010 WL 3433058, at *15 (Tex. App.—Fort Worth August 31, 2010, no pet. h.). Thus, Plaintiffs cannot claim a fiduciary relationship with Phoenix arising as a matter of law.

When no fiduciary duty arises as a matter of law, a plaintiff must show circumstances justifying the imposition of a fiduciary duty on the defendant. Generally, "[a] person is justified in placing confidence in the belief that another party will act in his best interest only where he is accustomed to being guided by the judgment or advice of the other party and there exists a long

association in a business relationship as well as personal friendship.  *Thus, the relationship must exist prior to and apart from the agreement that is the basis of the suit*."  *Cotton v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 698 (Tex. App.—Fort Worth 2006, pet. denied) (emphasis added).  Texas courts do not impose lightly such an extraordinary duty.  *Duddlesten*, 110 S.W.3d at 96.

In the instant case, Plaintiffs cannot establish the existence of a fiduciary duty owed to them by Phoenix because the transaction at issue was an arm's-length business transaction that did not involve a prior relationship between the parties or an understanding of increased confidence or trust.   Moreover, Plaintiffs have not pled any facts in the Second Amended Complaint which can plausibly support the imposition of such an extraordinary duty on Phoenix.  Therefore, Plaintiffs' claim for breach of fiduciary duty must fail pursuant to Rule 12(b)(6).

**B.  <u>Plaintiffs Fail to Plead Fraud With Particularity.</u>**

Additionally, Plaintiffs allege three theories of fraud: ordinary common law fraud, fraudulent nondisclosure, and fraud in a stock transaction under Section 27.01 of the Texas Business & Commerce Code. (*See* SAC at 7–8).  All three of these allegations of fraud fail to meet the standard of Rule 9(b).

**1.  Rule 9(b) Standard.**

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  The Fifth Circuit interprets Rule 9(b) strictly, requiring that a plaintiff pleading fraud specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.  *Dorsey v. Portfolio*

*Equities, Inc*., 540 F.3d 333, 339 (5th Cir. 2008).  In other words, Rule 9(b) requires that the complaint set forth the "who, what, when, where and how" of the events at issue.  *Id.* Allegations of scienter may be averred generally, but simple allegations of fraudulent intent will not suffice, and "plaintiffs must set forth *specific facts* supporting an inference of fraud."  *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994).  Conclusory allegations of fraud are not sufficient to survive dismissal for failure to state a claim.  *Keith v. Stoelting, Inc*., 915 F.2d 996, 1000 (5th Cir. 1990).

    **2.  Plaintiffs' Fraud Allegations Fail to Comply with Rule 9(b).**

    Plaintiffs' Second Amended Complaint fails to meet the "who, what, when, where and how" standard of Rule 9(b).  Plaintiffs generally assert that Robert Rooney ("Rooney"), an employee of Phoenix, and financial advisors Brian Smith ("Smith") and Javier Larrea ("Larrea"), as alleged agents of Phoenix, committed the alleged acts of fraud.  (*See id*. ¶¶ 34–35, 37). Phoenix denies that Smith and Larrea, who were Plaintiff's financial planners, were acting as agents for Phoenix.  However, assuming *arguendo* that Smith and Larrea were agents of Phoenix, Plaintiffs still fail to specifically identify the speaker for each alleged false representation or how Smith or Lerrea were acting on behalf of Phoenix.  Plaintiffs merely assert in broad allegations that Rooney, Smith, Larrea and Phoenix all collectively made fraudulent misrepresentations.  (*Id*.).

    Further, Plaintiffs do not specify "how" Phoenix perpetrated the fraud, concealed certain facts, or induced any act of reliance by Plaintiffs.  Instead, Plaintiffs vaguely allege that Phoenix knowingly or recklessly made false representations of material fact and that Plaintiffs relied on those representations.  (*See id*. ¶¶ 34–39).  As such, Plaintiffs' bare assertion that Phoenix's

DEFENDANT PHL VARIABLE LIFE INSURANCE COMPANY'S
MOTION TO PARTIALLY DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT

conduct was fraudulent is not enough to survive a Rule 9(b) challenge.  *See Keith*, 915 F.2d at 1000.

Finally, Plaintiffs have failed to plead facts giving rise to an inference of scienter.  Instead, Plaintiffs provide only conclusory allegations that Phoenix intended to induce Plaintiffs to purchase the life insurance policy at issue.  (*See id*. ¶ 35).  Absent some specific facts supporting an inference of fraud, such allegations are insufficient under Rule 9(b).  *See Melder*, 27 F.3d at 1102.  Therefore, because Plaintiffs have failed to comply with the requirements of Rule 9(b), the Court should dismiss each of Plaintiffs' three fraud claims.

## III. CONCLUSION

Plaintiffs' Second Amended Complaint provides implausible and conclusory claims for relief against Phoenix.  For these reasons, Defendant PHL Variable Life Insurance Company prays that this Court dismiss Plaintiffs' claims for failure to timely pay a claim under Section 542.060 of the Texas Insurance Code, statutory fraud in a stock transaction under Section 27.01 of the Texas Business & Commerce Code, breach of fiduciary duty, common law fraud, and fraudulent nondisclosure and requests all other relief to which it may be justly entitled.  For the convenience of the Court, Phoenix files a Proposed Order concurrent with the filing of this Motion to Dismiss.

Dated: December 13, 2010.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON, LLP

By: */s/ Thomas F. A. Hetherington*
    Thomas F. A. Hetherington
    State Bar No. 24007359
    Eric B. Storm

DEFENDANT PHL VARIABLE LIFE INSURANCE COMPANY'S
MOTION TO PARTIALLY DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT

State Bar No. 24033244

3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8840
tom.hetherington@emhllp.com
eric.storm@emhllp.com

ATTORNEYS FOR DEFENDANT PHL
VARIABLE LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2010, I filed the foregoing DEFENDANT PHL VARIABLE LIFE INSURANCE COMPANY'S MOTION TO PARTIALLY DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT through the Western District ECF system.  I understand the ECF system will send electronic notice to the following counsel of record:


THE FIELD LAW FIRM
Scott King Field
9442 Capital of Texas Hwy North
Arboretum Plaza One, Suite 500
Austin, Texas 78759
T: (512) 343-3663
F: (866) 271-4431

EVANS EDWARDS, LLP
Chip Evans
Jeffrey Edwards
4407 Bee Caves Road, Suite 611
Austin, Texas 78746
T: (512) 732-2727
F: (512) 732-2731

ATTORNEYS FOR PLAINTIFFS


/s/ *Eric B. Storm*
Eric B. Storm